AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### District of Delaware

UNITED STATES OF AMERICA
v.
Dennis Carson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case CR 06-116-GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
FEB 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence  X a preponderance of the evidence: Defendant is charged with intent to extort money or other value, transmitted in interstate commerce a communication containing a threat to injure a person in violation of 18 USC §§ 875(b) & (c). Prior to the detention hearing, the court had defendant undergo evaluation to determine whether he was competent. Defendant was found competent by his examiners and that finding was not disputed. Defendat is receiving SSDI for a psychological condition. His criminal history is extensive and continuous dating back to 1976 for carrying a concealed dangerous instrument. He has prior conviction for sexual harassment and harassment, numerous VOPs, possession of burglary tools, attempted arson, possession of a deadly weapon by a person prohibited, assault 3d (more than once), reckless burning, reckless endangering, discharging a firearm- essentially a criminal offense related to some form of violence or potential violence for practically every year since 1976. He has an outstanding warrant from NCC Police in October 2006 for harassment.
2. Defendant's present offense involves communications of a threat to harm a person (counsel to a college) which resulted in the closure of the school for one week. The written threats are practically unrefutable.
3. At the time of his arrest, he was on state probation.
4. He has outstanding warrants from Kentucky for allegedly setting fire to a trailer and then trying to collect the insurance.
5. evidence shows that he has the means to generate and has generated fake identification.

In light of the present charges, defendant's past criminal history and propensity for violence, outstanding warrants and the inability of family and friends to help control his behavior, the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community or persons within the community.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 15, 2007 | *Signature of Judicial Officer* |
| Date | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).