IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Criminal Action No. 06-116 (GMS) |
| DENNIS D. CARSON, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H. Eisenstein, Assistant United States Attorney, and the defendant, Dennis D. Carson, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the two-count Indictment returned against him. Count One of the Indictment charges the defendant with transmitting in interstate commerce a threat to injury the person of another with the intent to extort money and other things of value, in violation of 18 U.S.C. § 875(b), which statute carries a maximum sentence of a term of imprisonment of twenty years, a fine of $250,000, or both; five years of supervised release; and a $100 mandatory special assessment. Upon the defendant's pleading guilty to the Count One of the Indictment, the Government agrees to dismiss Count Two of the Indictment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements of the offense charged in Count One of the Indictment: (1) on or about October 10, 2006, the defendant, with the intent to extort money and other things of value from Springfield College; (2) transmitted in interstate commerce a communication containing a threat to

injure the person of another. The defendant admits that on or about October 10, 2006, with the intent to extort money or other things of value from Springfield College, he transmitted a communication containing a threat to injure the person of another, which communication he sent via fax from Delaware to the Massachusetts-based offices of legal counsel for Springfield College.

3. Provided that the Government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the Government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is level 16 or greater, the Government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different

than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. The defendant agrees to pay a $100 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_Eleni Kousoulis_
Eleni Kousoulis, Esquire
Attorney for Defendant

By: _Ilana H. Eisenstein_
Ilana H. Eisenstein
Assistant United States Attorney

_Dennis D. Carson_
Dennis D. Carson
Defendant

Dated: 07/16/07

**AND NOW**, this 16TH day of July, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (~~rejected~~) by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge

FILED

JUL 1

U.S. DISTRICT COURT
DISTRICT OF DELAWARE